Ellen V. Leonida, Esq. (SBN: 184194)
leonida@braunhagey.com
Matthew Borden, Esq. (SBN: 214323)
borden@braunhagey.com
J. Noah Hagey, Esq. (SBN: 262331)
hagey@braunhagey.com
Gunnar K. Martz, Esq. (SBN: 300852)
martz@braunhagey.com
Amber Ashley James, Esq. (SBN: 330578)
james@braunhagey.com
BRAUNHAGEY & BORDEN LLP
351 California Street, Tenth Floor
San Francisco, CA 94104
Telephone: (415) 599-0210
Facsimile: (415) 599-0210

Sejal R. Zota (*pro hac vice* application forthcoming)
sejal@justfutureslaw.org
Dinesh McCoy (*pro hac vice* application forthcoming)
dinesh@justfutureslaw.org
Kevin Herrera (*pro hac vice* application forthcoming)
kevin@justfutureslaw.org
JUST FUTURES LAW
95 Washington Street, Suite 104-149
Canton, MA 02021
Telephone: (919) 698-5015

*Attorneys for Plaintiffs*
Steven Renderos, Valeria Thais Suárez Rojas, Reyna Maldonado, Lisa Knox, Mijente Support Committee, and Norcal Resist Fund

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVEN RENDEROS, VALERIA THAIS SUÁREZ ROJAS, REYNA MALDONADO, LISA KNOX, MIJENTE SUPPORT COMMITTEE, and NORCAL RESIST FUND,<br><br>Plaintiffs,<br><br>v.<br><br>CLEARVIEW AI, INC., ALAMEDA COUNTY DISTRICT ATTORNEY, ALAMEDA POLICE DEPARTMENT, EL SEGUNDO POLICE DEPARTMENT, ANTIOCH POLICE DEPARTMENT, and DOES 1-10,<br><br>Defendants. | Case No.: 3:21-cv-04572-JD<br><br>**MOTION TO REMAND**<br><br>Date:       July 29, 2021<br>Time:       10:00 a.m.<br>Judge:      Hon. James Donato<br>Courtroom:  11, 19th Floor<br><br>Compl. Filed:  April 22, 2021 |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on July 29, 2021 at 10:00 a.m., in Courtroom 11 of the above captioned Court, located at 450 Golden Gate Avenue, 19th Floor, San Francisco, CA 94102, Plaintiffs Steven Renderos, Valeria Thais Suárez Rojas, Reyna Maldonado, Lisa Knox, Mijente Support Committee, and NorCal Resist Fund ("Plaintiffs") will and hereby do move this Court for an order remanding this case to the Superior Court of California, Alameda County, where this case was filed ("Motion").

This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities in support of the Motion, the Declarations of Ellen V. Leonida, Reyna Maldonado and Lisa Knox, and the files and records in this action and any further evidence and argument that the Court may consider.

Dated: June 24, 2021                                   Respectfully Submitted,

                                                       BRAUNHAGEY & BORDEN LLP

                                                       By: _____
                                                            Ellen V. Leonida

                                                       *Attorneys for Plaintiffs Steven Renderos, Valeria*
                                                       *Thais Suárez Rojas, Reyna Maldonado, Lisa Knox,*
                                                       *Mijente Support Committee, and NorCal Resist Fund*

# TABLE OF CONTENTS

INTRODUCTION ............................................................................................................................. 1

FACTUAL BACKGROUND .......................................................................................................... 2

    A.    The Parties ............................................................................................................ 2

        1.    Plaintiffs ................................................................................................... 2

        2.    Defendants ............................................................................................... 3

    B.    Plaintiffs' Claims .................................................................................................. 3

    C.    Procedural History ............................................................................................... 4

ARGUMENT ................................................................................................................................... 5

I.    THE CALIFORNIA DEFENDANTS ARE NOT FRAUDULENTLY JOINED ............. 5

    A.    Clearview Has Not Proven that No State Court Could Find the California Defendants Liable for Aiding and Abetting Clearview's Tortious Conduct ................................................................................................... 6

    B.    California Defendants Infringed on Plaintiffs' Liberty of Speech ...................... 9

    C.    The California Defendants Did Not Assent to Removal .................................... 11

    D.    The Standard for Fraudulent Joinder, Not 28 U.S.C. § 1447(e), Applies Here ......................................................................................................... 11

II.    "PROCEDURAL MISJOINDER" PROVIDES NO BASIS FOR REMOVAL ............. 13

III.    DEFENDANTS SHOULD BE REQUIRED TO PAY PLAINTIFFS' ATTORNEY'S FEES AND COSTS ............................................................................... 14

# TABLE OF AUTHORITIES

**Cases**                                                                                                     Page(s)

*Brazina v. Paul Revere Life Ins. Co.*,
  271 F. Supp. 2d 1163 (N.D. Cal. 2003) .................................................................................... 14

*Caouette v. Bristol-Myers Squibb Co.*,
  No. C-12-1814 EMC, 2012 WL 3283858 (N.D. Cal. Aug. 10, 2012) ...................................... 14

*Caterpillar Inc. v. Williams*,
  482 U.S. 386 (1987) ................................................................................................................... 12

*Coleman v. Dep't of Pers. Admin.*,
  52 Cal. 3d 1102 (1991) .............................................................................................................. 10

*Eastwood v. Superior Court*,
  149 Cal. App. 3d 409 (1983) ....................................................................................................... 7

*Gaus v. Miles, Inc.*,
  980 F.2d 564 (9th Cir. 1992) .................................................................................................. 1, 5

*Grancare, LLC v. Thrower by & through Mills*,
  889 F.3d 543 (9th Cir. 2018) ............................................................................................. 6, 7, 9

*Harris v. State Pers. Bd.*,
  170 Cal. App. 3d 639 (1985) ..................................................................................................... 10

*Healy v. James*,
  408 U.S. 169 (1972) .................................................................................................................. 10

*Hill v. Nat'l Collegiate Athletic Assn.*,
  7 Cal. 4th 1 (1994) ....................................................................................................................... 8

*Hilton v. Hallmark Cards*,
  599 F.3d 894 ................................................................................................................................ 8

*Hunter v. Philip Morris USA*,
  582 F.3d 1039 (9th Cir. 2009) .............................................................................................. 6, 13

*J.T. Assocs., LLC v. Fairfield Dev.*, L.P.,
  No. 15-CV-04913-BLF, 2016 WL 1252612 (N.D. Cal. Mar. 31, 2016) ............................... 2, 13

*Jurin v. Transamerica Life Ins. Co.*,
  No. C 14-02882 LB, 2014 WL 4364901 (N.D. Cal. Sept. 3, 2014) .......................................... 13

*Kanter v. Warner-Lambert Co.*,
  52 F. Supp. 2d 1126 (N.D. Cal. 1999) ....................................................................................... 15

*Leventhal v. Jackson Nat'l Life Ins. Co.*,
  No. 19-CV-02123-JD, 2020 WL 1528447 (N.D. Cal. Mar. 31, 2020) ................................ 5, 6, 9

*Libhart v. Santa Monica Dairy Co.*,
  592 F.2d 1062 (9th Cir. 1979) ..................................................................................................... 5

*Lopez v. Pfeffer*, No. 13-CV-0,
  3341 NC, 2013 WL 5367723 (N.D. Cal. Sept. 25, 2013) ......................................................... 14

*Lussier v. Dollar Tree Stores, Inc.*,
  518 F.3d 1062 (9th Cir. 2008) ................................................................................................... 15

*Maloney v. T3Media*,
  853 F.3d 1004 (9th Cir. 2017) ................................................................................................ 7, 8

*McAllister v. Los Angeles Unified School Dist.*,
  216 Cal. App. 4th 1198 .............................................................................................................. 10

*Moore v. Permanente Medical Group, Inc.*,
  981 F.2d 443 (9th Cir. 1992) ..................................................................................................... 15

...

*NAACP v. Alabama*,
   357 U.S. 449 (1958) .................................................................................................... 10
*Proctor v. Vishay Intertechnology Inc.*,
   584 F.3d 1208 (9th Cir. 2009) ..................................................................................... 11
*River Colony Ests. Gen. P'ship v. Bayview Fin. Trading Grp., Inc.*,
   287 F. Supp. 2d 1213 (S.D. Cal. 2003) ......................................................................... 8
*Riverwalk Holdings, LED v. Guancione*,
   No. 12-cv-05748 EJD, 2013 WL 71769 (N.D. Cal. Jan. 4, 2013) ............................... 15
*Sutton v. Davol, Inc.*,
   251 F.R.D. 500 (E.D. Cal. 2008) ................................................................................. 14
*Timed Out, LLC v. Youabian, Inc.*,
   229 Cal. App. 4th 1001 (2014) ..................................................................................... 7
*Weeping Hollow Ave. Tr. v. Spencer*,
   831 F.3d 1110 (9th Cir. 2016) ....................................................................................... 6
*Welk v. GMAC*,
   850 F. Supp. 2d 976 (D. Minn. 2012) ................................................................... 12, 13
*White v. Davis*,
   13 Cal. 3d 757 (1975) ............................................................................................ 10, 11

**Statutes**

28 U.S.C. § 1447(c) ............................................................................................................ 14, 15
28 U.S.C. § 1447(e) ............................................................................................................ passim
28 U.S.C § 1446(b)(2)(A) ......................................................................................................... 11
Article I, § 2(a) of the California Constitution ............................................................... 4, 9, 10
California Business & Professions Code §§ 17200 ................................................................... 4
California Constitution art. 1, § 1 ............................................................................................ 4, 8

**Rules**

Fed. R. Civ. P. 15 ....................................................................................................................... 12
Fed. R. Civ. P. 20(a)(2)(A), (B) ................................................................................................. 12
Fed. R. Civ. P. 41(a)(1)(A)(i) .................................................................................................... 11
Fed. R. Civ. P. 41(a)(1)(B) ........................................................................................................ 11

**Other Authorities**

2019 California Assembly Bill No. 1215 ................................................................................... 9

Plaintiffs Steven Renderos, Valeria Thais Suárez Rojas, Reyna Maldonado, Lisa Knox, Mijente Support Committee, and NorCal Resist Fund ("Plaintiffs") respectfully submit this memorandum in support of their Motion to Remand this action to Alameda County Superior Court.

**INTRODUCTION**

Plaintiffs are four Alameda County residents and two community-based organizations with hundreds of California members. They brought this state-law action to enjoin the Alameda Police Department and District Attorney, Antioch Police Department, El Segundo Police Department, and Clearview, AI, Inc. ("Clearview") from deploying an illicit domestic surveillance database created by illegally acquiring, storing and exploiting the likenesses of millions of Californians. This software places all California residents in a perpetual police lineup without their authorization, and subjects people of color to a substantially higher danger of being misidentified by law enforcement. For these reasons, several cities in Alameda County expressly banned Clearview's facial recognition technology, which the Alameda Police and District Attorney continued to use anyway. Plaintiffs' claims arise under California common law, California statutes, and the California Constitution and involve parties that do business, operate, and reside in California. Clearview's removal of this case from state court was improper and undertaken in bad faith to delay and obstruct the prosecution of Plaintiffs' claims.

Clearview's attempt to assert diversity jurisdiction fails on its face. Under longstanding Ninth Circuit law, "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Clearview has no basis for alleging diversity jurisdiction because five Plaintiffs (all four individual Plaintiffs and Plaintiff NorCal Resist Fund) and four Defendants (Alameda County District Attorney, Alameda Police Department, Antioch Police Department, and El Segundo Police Department (hereinafter, "California Defendants") are citizens of California. Complete diversity, therefore, cannot exist.

Nor does Clearview's Notice of Removal ("Notice") establish any other legitimate grounds for removing this case to federal court.

*First*, Clearview argues that all four of its co-Defendants—none of which consented to removal—were fraudulently joined. This assertion is baseless. All these entities have deployed

Clearview's domestic surveillance technology and are accountable for aiding and abetting Clearview's unlawful activities under basic common law principles. Under the guise of fraudulent joinder, Clearview seeks to litigate misguided state-law legal theories that should be tested by demurrer in state court, especially since they involve novel applications of state law.

*Second*, Clearview asks the Court to ignore Ninth Circuit fraudulent joinder jurisprudence and, instead, apply the standard for permissible joinder articulated in 28 U.S.C. §1447(e) because Plaintiffs dismissed and re-filed this action. This made-up theory has never been applied by any court. Under the Federal Rules of Civil Procedure, the parties to this action are those named by Plaintiffs. Even if the Court could, in its discretion, ignore the parties named in the pleading (which of course it cannot), the result should be no different. This is a local controversy, involving novel applications of state law and municipal defendants that did not consent to litigate in federal court.

*Third*, Clearview proposes that the efficient way to proceed would be to "sever" Plaintiffs' claims for aiding and abetting Clearview's illegal conduct and litigate them in state court in Clearview's absence, while the claims against Clearview proceed in Illinois. This is practically and legally untenable. The doctrine of "procedural misjoinder" is not a grounds for removal, only fraudulent joinder is. *See, e.g.*, *J.T. Assocs., LLC v. Fairfield Dev.*, L.P., No. 15-CV-04913-BLF, 2016 WL 1252612, at *3 (N.D. Cal. Mar. 31, 2016). In any event there is no misjoinder here because it is routine, and efficient, to jointly sue tortfeasors with those who aid and abet them.

Because the Notice does not come close to overcoming the "strong presumption" against removal, this case should be remanded to Alameda County Superior Court. Because the removal lacked an objectively reasonable basis, the Court should award Plaintiffs their attorney's fees and costs, which are $31,323.50 to date.

## FACTUAL BACKGROUND

### A.     The Parties

#### 1.     Plaintiffs

The four individual Plaintiffs are all activists who live in Alameda County, California. Steven Renderos is the Executive Director of the Center for Media Justice. (Dkt. No. 1-1 ("Compl.") ¶ 12.) Valeria Thais Suárez Rojas has worked as an advocate for immigrants' rights at

the California Immigrant Youth Justice Alliance. (*Id.* ¶ 13.) Lisa Knox is the Legal Director of the California Collaborative for Immigrant Justice. (*Id.* ¶ 14.) And Reyna Maldonado is an immigrant, business owner, and former immigrant rights community organizer. (*Id.* ¶ 15.)

Plaintiff NorCal Resist is a California organization which advocates for immigration reform and immigrants' rights. It has 7,000 members in Northern California. (*Id.* ¶ 16.) Plaintiff Mijente is a corporation that organizes around surveillance issues in the immigrant community and has more than 300 California members, including 50 in Alameda County. (*Id.* ¶ 17)

### 2. Defendants

Defendant Clearview is a Delaware corporation with its principal place of business in New York, NY. Clearview is registered as a data broker in, and conducts business throughout, the State of California. (Compl. ¶¶ 19, 21.) Multiple people associated with Clearview, including co-founder Hoan Ton-That, have longstanding ties to the alt-right, a far-right ideology espousing the belief that white identity is under attack. (*Id* ¶ 20.) People associated with Clearview have expressed animosity toward immigrants and endorsed racism and violence. (*Id.*)

Defendants El Segundo and Antioch Police Departments have purchased licenses from Clearview and have run searches on its database in California, targeting California residents. (*Id.* ¶¶ 21, 24-25.) Defendants Alameda County District Attorney and Alameda Police Department have also run hundreds of searches on Clearview, despite the City of Alameda's ban on facial recognition technology. (*Id.* ¶¶ 22-23, 73.) Each time these agencies upload an image to Clearview's database to run a search, Clearview retain the images and corresponding biometric information in its database for future searches. (*Id.* ¶¶ 37, 73.)

### B. Plaintiffs' Claims

Clearview engages in the widespread collection of California residents' images and biometric information (including Plaintiffs'), without notice or consent, by illicitly scraping images from websites and platforms owned and operated by California companies, such as Facebook. (Compl. ¶ 21.) It continues to do so despite numerous cease and desist letters from those companies. (*Id.* ¶ 32.) Clearview then promotes and sells its faceprint database throughout the

State, in part by offering trial uses and selling licenses to the California Defendants (among others). (*Id.* ¶¶ 21-25.)

Plaintiffs have posted pictures of themselves on social media and frequently express views critical of police and ICE practices. (*Id.* ¶¶ 12-17.) As a result of Defendants' unlawful actions, Plaintiffs have suffered multiple injuries, including, at least: expenditure of resources to understand the extent of Clearview's misappropriation of their and their members' identities, images, likenesses, and biometric data; loss of their property rights in their own identities, images, likenesses, and biometric data; mental anguish as a result of the invasions of their privacy; and fear that they and their communities and families will be targeted for their political speech, associations, affiliations, and/or immigration status. (*Id.* ¶ 70.) Further, when Plaintiffs learned that the Alameda County District Attorney and Alameda City Police Department were using Clearview in violation of Alameda's ban on using facial recognition technology, they were distressed, anxious about their ability to speak out about social issues, and concerned about the increased risk of being targeted, harassed and surveilled as a result of their advocacy efforts. (Declaration of Reyna Maldonado ¶¶ 6-7; Declaration of Lisa Knox ¶¶ 7-8.)

Plaintiffs bring three causes of action against Clearview – common law appropriation of likeness, for collecting, using, and selling Plaintiffs' identities without their knowledge or consent; violation of Plaintiffs' right to privacy under California Constitution art. 1, § 1; and unfair and unlawful business practices, in violation of California Business & Professions Code §§ 17200. Plaintiffs bring two causes of action against the El Segundo Police Department, Antioch Police Department, Alameda County District Attorney, and Alameda Police Department ("California Defendants") – aiding and abetting Clearview's tortious conduct; and violating the liberty of speech guaranteed Plaintiffs by Article I, § 2(a) of the California Constitution.

### C. Procedural History

Plaintiffs filed a lawsuit against Clearview in Alameda County Superior Court on March 9, 2021, alleging appropriation of Plaintiffs' likenesses, violation of their rights to privacy, and unlawful and unfair business practices. (Dkt. No. 1-3.) On April 6, 2021, a month after that lawsuit was filed, BuzzFeed News published an investigative report revealing that the California

Defendants were among over 1,800 public agencies that had run searches on Clearview. The article revealed, for the first time, even after the City of Alameda banned the use of facial recognition, individuals employed by the City and County of Alameda continued to use Clearview. (*See* Dkt. No. 1-4, ¶ 10.)

Two days later, on April 8, 2021, Plaintiffs filed an amended complaint adding causes of action against the California Defendants. (Dkt. No. 1-4.) The First Amended Complaint included allegations based on the Buzzfeed News article that had been published the day before. (*See id.* at ¶¶ 10, 73.) On April 8, 2021, the same day as the filing of the First Amended Complaint, Defendant Clearview filed a Notice of Removal to the Northern District of California—despite the fact that four California defendants were named in the First Amended Complaint. On April 14, 2021, Defendant Clearview filed a Notice of Potential Tag-Along with the United States Judicial Panel on Multidistrict Litigation to add the lawsuit to a consolidated consumer class action against Clearview pending in the Northern District of Illinois (the "MDL"). On April 16, 2021, Plaintiffs dismissed that lawsuit without prejudice.

Plaintiffs filed the present lawsuit against Clearview and the California Defendants in Alameda County Superior Court on April 22, 2021. Clearview filed its Notice on June 14, 2021 (Dkt. No. 1), without contacting or obtaining the consent of the California Defendants (Declaration of Ellen V. Leonida ("Leonida Decl."), Ex. 1), and seeks to consolidate this case with the MDL.

## ARGUMENT

There is a "strong presumption" against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*. (citing *Libhart v. Santa Monica Dairy Co*., 592 F.2d 1062, 1064 (9th Cir. 1979)); *see also Leventhal v. Jackson Nat'l Life Ins. Co.*, No. 19-CV-02123-JD, 2020 WL 1528447, at *2 (N.D. Cal. Mar. 31, 2020) (Donato, J.). ("Any doubts about the propriety of removal should be resolved in favor of a remand to state court").

### I. THE CALIFORNIA DEFENDANTS ARE NOT FRAUDULENTLY JOINED

Clearview's Notice incorrectly asserts that the California Defendants were fraudulently joined. (Notice at 5-6.) As the Ninth Circuit has explained, a "defendant invoking federal court

diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a general presumption against [finding] fraudulent joinder." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citation omitted, alteration in original). This standard is much higher than the standard for a Rule 12(b)(6) motion because the defendant must prove that there is no "possibility that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants." *Id*. at 549 (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)) (brackets in original); *see also id.* at 548-49 ("We have declined to uphold fraudulent joinder rulings where a defendant raises a defense that requires a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal.").[1] As this Court has held, there is a "particularly heavy burden" on the defendant to prove fraudulent joinder by "clear and convincing evidence" with any doubts to be resolved in the plaintiff's favor. *Leventhal*, 2020 WL 1528447 at *2-3.

Clearview falls far short of meeting its heavy burden here, especially because the claims involve complex questions of state law. It is not at all "obvious", according to California state law, that Plaintiffs fail to state a claim against California Defendants. On the contrary, California Defendants are liable to Plaintiffs on multiple theories, including aiding and abetting Clearview's tortious conduct and violation of Plaintiffs' rights under the California Constitution.

### A. Clearview Has Not Proven that No State Court Could Find the California Defendants Liable for Aiding and Abetting Clearview's Tortious Conduct

Clearview has not met its heavy burden of proving that the California Defendants were fraudulently joined. The Complaint alleges that Clearview engaged in tortious conduct through, *inter alia*, its unauthorized access, use, and sale of Plaintiffs' photographs and biometric data, which infringes on Plaintiffs' privacy interests and interests in control of their identities, likenesses and personal data and violates their right to privacy under the California Constitution. (*See, e.g.*,

---

[1] *See also Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1113 (9th Cir. 2016) (joinder of a non-diverse defendant is deemed fraudulent "if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state") (citation omitted).

1  Compl. ¶¶ 63-72). The Complaint further explains that the California Defendants aided and abetted
2  Clearview's unlawful activities. (*See, e.g.*, Compl. ¶¶ 73-75, 93-95.)
3        While Clearview argues at length that the aiding and abetting claims against California
4  Defendants are not meritorious because Plaintiffs fail to state an underlying claim against
5  Clearview (Notice at 10-14), it cannot point to any California decision that has accepted its
6  theories. These arguments invite the Court to conduct the very type of "searching inquiry" into the
7  merits of Plaintiffs' claim that is prohibited. *Grancare, LLC*, 889 F.3d at 549. Clearview's
8  voluminous arguments serve only to demonstrate that the issues in this case are novel, complex
9  state law questions that should be adjudicated in state court. (*See* Notice at 15 (acknowledging
10 novel state law questions).) These arguments are also incorrect.
11       Under California common law, the right against appropriation of likeness has four
12 elements: "(1) the defendant's use of the plaintiff's identity; (2) the appropriation of plaintiff's
13 name or likeness to defendant's advantage, commercially or otherwise; (3) lack of consent; and
14 (4) resulting injury." *Eastwood v. Superior Court*, 149 Cal. App. 3d 409, 417 (1983). These
15 elements are easily met here because Clearview has captured Plaintiffs' identities and biometric
16 information without Plaintiffs' consent, and is selling its database to others, including some of the
17 California Defendants, causing economic loss and mental distress. (Compl. ¶¶ 63-75.)
18       Because it is the home of the movie industry, California courts have applied common law
19 misappropriation of likeness claims broadly, and contrary to Clearview's assertion, have not
20 limited them to "merchandising" cases. (*See* Notice at 11.) Rather, this cause of action protects a
21 person's name and likeness against "appropriation, for the defendant's advantage." *Eastwood*, 149
22 Cal. App. 3d at 416. None of the cases relied upon by Clearview is to the contrary. *Timed Out, LLC*
23 *v. Youabian, Inc.*, the only state court case cited by Clearview for this proposition, only holds that
24 California's right of privacy is assignable; while that case involved "merchandising," the court did
25 not address, much less hold, whether this common law right is limited to merchandising cases. 229
26 Cal. App. 4th 1001, 1006-08 (2014). Clearview also claims that *Maloney v. T3Media*, 853 F.3d
27 1004 (9th Cir. 2017), held that merchandising is the "core" of the California's right of publicity.
28 (Notice at 11.) That is untrue. *Maloney* held that the plaintiffs' state law claims in that case were

preempted by the Copyright Act.[2] At most, Clearview's argument demonstrates that the reach of the California's common law tort at issue is unsettled and should be decided by a California court.

Plaintiffs separately state a claim against Clearview for violating Plaintiffs' privacy rights under Article 1, § 1 of the California Constitution. A cause of action under the California Constitution for invasion of privacy requires: "(1) the identification of a specific, legally protected privacy interest," (2) a reasonable expectation of privacy under the circumstances presented, and (3) a "sufficiently serious" intrusion upon the privacy interest by the defendant. *Hill v. Nat'l Collegiate Athletic Assn.*, 7 Cal. 4th 1, 35-38 (1994). California has recognized two broad categories of legally protected privacy interests: "(1) interests in precluding the dissemination or misuse of sensitive and confidential information ('informational privacy'); and (2) interests in making intimate personal decisions or conducting personal activities without observation, intrusion, or interference ('autonomy privacy')." *Hill*, 7 Cal. 4th at 35. Plaintiffs have a legally protected informational privacy interest in precluding Clearview from permanently storing their sensitive information, such as their associations, participation in protests, political advocacy, and critiques of law enforcement, in its database and disseminating it to the police and prosecutors. Plaintiffs also have a reasonable expectation of privacy. Clearview's data harvesting violates the terms of use of many sites it collects from. (Compl. ¶ 32.) Moreover, Clearview captures and sells data in private social media postings and captured in the background photos taken by others. (Compl. ¶¶ 31, 39.)

Because Plaintiffs' claims against Clearview are viable, so are Plaintiffs' aiding and abetting claims against the California Defendants. A party is liable for aiding and abetting a tort if it "provides substantial assistance or encouragement" to the tortfeasor." *River Colony Ests. Gen. P'ship v. Bayview Fin. Trading Grp., Inc.*, 287 F. Supp. 2d 1213, 1225 (S.D. Cal. 2003). "To establish liability for aiding and abetting, Plaintiffs must prove: (1) the fact of perpetration of the overall improper scheme; (2) the aider and abettor's knowledge of such a scheme; and (3) the aider and abettor's substantial assistance furthered the scheme." *Id.*

---

[2] The language quoted by Clearview from *Maloney* was actually attributable to *Hilton v. Hallmark Cards*, 599 F.3d 894, 910. See *Maloney*, 853 F.3d at 1010. *Hilton*, also, does not hold that merchandising is necessary to a claim for misappropriation of likeness. 599 F.3d at 910.

The City of Alameda banned law enforcement from using facial recognition technology, including Clearview, in 2019. That same year, California instituted a moratorium on police use of facial recognition technology in body cameras. The reasoning of the California Legislature mirrors the concerns of the Plaintiffs in this case:

- Facial recognition and other biometric surveillance technology pose unique and significant threats to the civil rights and civil liberties of residents and visitors.
- The use of facial recognition and other biometric surveillance is the functional equivalent of requiring every person to show a personal photo identification card at all times in violation of recognized constitutional rights.
- This technology also allows people to be tracked without consent. It would also generate massive databases about law-abiding Californians, and may chill the exercise of free speech in public places.

2019 California Assembly Bill No. 1215, California 2019-2020 Regular Session.

California Defendants can be held liable to Plaintiffs for aiding and abetting Clearview's tortious conduct, especially in light of the State of California and City of Alameda policies regarding facial recognition software. California Defendants provided substantial assistance to Clearview's tortious conduct by uploading photographs to Clearview's database, subscribing to Clearview, paying for Clearview, and promoting the use of Clearview by their employees. (Compl. ¶¶ 10, 73-74, 93-95.) Because there is at least a "possibility" that a state court would find a cause of action for aiding and abetting an intentional tort exists against California Defendants, Clearview cannot meet the heavy burden of proving fraudulent joinder. *See Grancare, LLC*, 889 F.3d at 548; *Leventhal*, 2020 WL 1528447 at *2 ("Our circuit has emphasized that a "possibility" means just that -- whether "there is a 'possibility that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants.'")

**B.    California Defendants Infringed on Plaintiffs' Liberty of Speech**

Clearview cannot meet its heavy burden of proving fraudulent joinder for the separate and independent reason that it cannot show that there is no possibility that a state court would hold the California Defendants liable for infringement of Plaintiffs' liberty of speech. Article I, § 2(a) of the California Constitution provides: "Every person may freely speak, write and publish his or her sentiments on all subjects, being responsible for the abuse of this right. A law may not restrain or

abridge liberty of speech or press." "In the domain of these indispensable liberties, whether of speech, press, or association, the decisions of this Court recognize that abridgement of such rights, even though unintended, may inevitably follow from varied forms of governmental action." *White v. Davis*, 13 Cal. 3d 757, 767 (1975) (*quoting NAACP v. Alabama* 357 U.S. 449, 461 (1958)). "Freedoms such as these are protected not only against heavy-handed frontal attack, but also from being stifled by more subtle governmental interference." *Id.* at 767 (*quoting Healy v. James*, 408 U.S. 169, 183 (1972)). The California Defendants violate these rights because "covert police surveillance and intelligence gathering may potentially impose a significant inhibiting effect on the free expression of ideas." *Id.* at 768.

Clearview's arguments that Plaintiffs cannot state a claim for violating Article 1, Section 2(a) are incorrect. It first argues that there is no private right of action for damages without compliance with the California Tort Claims Act ("CTCA"). (Notice at 10.) These arguments have no bearing where, as here, Plaintiffs seek injunctive relief, not money damages. *Harris v. State Pers. Bd.*, 170 Cal. App. 3d 639, 643 (1985), *disapproved of on other grounds by Coleman v. Dep't of Pers. Admin.*, 52 Cal. 3d 1102 (1991).

Clearview further argues that Plaintiffs' claim for injunctive relief is not viable, because Plaintiffs fail to allege that California Defendants "literally restrain or abridge" their free speech. (Notice at 16.) A violation of Section 2(a) does not, however, necessarily require a "literal" restraint on speech. *See, e.g., White*, 13 Cal. 3d at 767, n.3, 772 (finding that police surveillance activity is likely to chill speech under both federal and state constitutions).[3] Knowing that access to their biometric information is being sold to California law enforcement agencies, who can use it to identify and locate them, their families, and others with whom they associate, has a significant, and unconstitutional, chilling effect on the liberties of speech and association that the California

---

[3] Clearview's argument that injunctive relief is unavailable is based on a misinterpretation of *McAllister v. Los Angeles Unified School Dist.*, 216 Cal. App. 4th 1198, 1217. *McAllister* merely held that a violation of California Constitution Section 2(a) did not warrant reinstatement of a government employee. *Id.* ("The Constitution, section 2(a) cannot be read to support a cause of action for injunctive relief where an individual is seeking to be rehired by her employer. Without specific precedent that the Constitution, section 2(a) supports a cause of action for such an employment-related injunction, we decline to create authority for such an action.)

Constitution protects. *Id.* at 761 (recognizing a "potentially grave threat to freedom of expression" and "a substantial probability that . . . alleged covert police surveillance [would] chill the exercise of" freedom of speech).

### C.     The California Defendants Did Not Assent to Removal

Clearview's Notice is also defective because it does not represent that all (or any) of the California Defendants consented to removal, and in at least one case, Clearview failed to even provide notice of its intent to remove. (Leonida Decl., Ex. 1). It is well established that in a case involving multiple defendants, "[a]ll defendants must join in a removal petition." *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1224 (9th Cir. 2009); see also 28 U.S.C § 1446(b)(2)(A) (when a case is removed under section 1441(a), "all defendants who have been properly joined and served ***must*** join in or consent to the removal of the action.") (emphasis added).  To the extent Clearview contends that its misguided fraudulent joinder argument relieved it of complying with this requirement, none of the California Defendants are, in fact, fraudulently joined (as discussed above), providing a separate and independent reason why removal here was improper. Because Clearview cannot prove fraudulent joinder and failed to obtain the consent of the California Defendants, its made-up argument under § 1447(e)—which is baseless in any event for the reasons below—need not even be considered.

### D.     The Standard for Fraudulent Joinder, Not 28 U.S.C. § 1447(e), Applies Here

Because Clearview cannot satisfy the removal standards under longstanding Ninth Circuit law, it argues that 28 U.S.C. § 1447(e) is the relevant standard for analysis of joinder under the made-up theory that Plaintiffs' complaint is "constructively an amendment." (Notice at 6.) Clearview cites no case that has applied such a theory, which is plainly contrary to the Federal Rules of Civil Procedure and the statute upon which Clearview relies.

The Federal Rules of Civil Procedure enable a plaintiff to dismiss his or her claims without prejudice under certain circumstances. Fed. R. Civ. P. 41(a)(1)(A)(i). The Federal Rules further provide that the only consequence of dismissing a claim without prejudice and re-filing it is that a plaintiff cannot do so more than once. Fed. R. Civ. P. 41(a)(1)(B).

The Federal Rules further provide that any party may be joined as a defendant, if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A), (B).

These standards are undeniably met here. Plaintiffs dismissed the first version of this case without prejudice, before any responsive pleading had been filed, and it is routine (and efficient) to join tortfeasors with those who have aided and abetted them, as Plaintiffs have done here. Clearview seeks to rewrite these rules by claiming that Plaintiffs cannot name non-diverse parties after dismissing an earlier version of the complaint, or are somehow subject to a different legal standard as a punishment for dismissing their first claims without prejudice. (Notice at 5-6.) But the Federal Rules unconditionally allow parties to do precisely what Plaintiffs did here.

Clearview also faults Plaintiffs for wanting to add California Defendants (Notice at 8-9)—but ignores that these parties were first added the day after a news article was published detailing that the Alameda Police and District Attorney continued to use Clearview's database after the Cities of Alameda, Oakland, and Berkley had enacted bans on facial recognition technology. Nor is there anything improper about a plaintiff seeking to remain in state court. The well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

The text of 28 U.S.C. § 1447(e) also vitiates Clearview's argument. It provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Plaintiffs do not seek to join any additional defendants to this case. The complaint Clearview seeks to remove includes claims against four California Defendants.[4]

The case from Minnesota from which Clearview attempts to fabricate this theory is inapposite and, in any event, contradicts Clearview's argument that § 1447(e) should apply. *Welk v.*

---

[4] Clearview's theory also fails for the separate reason that § 1447(e) only comes into play when a Plaintiff "**seeks**" to add a non-diverse party. Since there has never been a responsive pleading filed in either case, Plaintiffs could amend as of right without seeking to do so. Fed. R. Civ. P. 15.

*GMAC*, 850 F. Supp. 2d 976 (D. Minn. 2012). In *Welk*, Plaintiffs' attorney William Butler had filed almost 30 cases on behalf of hundreds of plaintiffs challenging mortgages on their properties. To avoid federal court or unfavorable judges, Butler serially dismissed cases after his motions to remand were denied, and refiled them in state court. *Id.* at 981. Despite this pattern of voluntarily dismissing then refiling lawsuits, when analyzing whether a non-diverse Defendant had been fraudulently joined, the Court did not apply the standard in 28 U.S.C. § 1447(e). Instead, the Court recognized the fraudulent joinder test as applicable, stating "[t]he joinder of a nondiverse defendant is not fraudulent where "'there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved'." *Welk*, 850 F. Supp. 2d at 995 (citations omitted).

Finally, even if the Court were to apply § 1447(e), it should still deny Clearview's motion. These are state-law claims, that raise local concerns, including compliance with Alameda and California's bans on facial recognition. They involve California Defendants that expressly did not consent to removal (much less transfer to a different state) and important and novel applications of California law that should be resolved by a California court—and would likely need to be certified for resolution by a California court were they to proceed in federal court. Clearview's proposal to "sever" the California Defendants (Notice at 18-19) makes even less sense because it would result in separate, and potentially conflicting, trials for the tortfeasor and the entities that aided and abetted it.

## II.   "PROCEDURAL MISJOINDER" PROVIDES NO BASIS FOR REMOVAL

Clearview's argument that California Defendants were "procedurally misjoined" and that this provides a basis for removal (Notice at 18-19) is incorrect for at least two reasons. First, this doctrine does not apply in the context of removal. Second, no parties have been misjoined.

As a threshold matter, only the doctrine of fraudulent joinder—rather than procedural misjoinder—can provide an exception to the diversity requirement. *J.T. Assocs., LLC v. Fairfield Dev.*, L.P., No. 15-CV-04913-BLF, 2016 WL 1252612, *2 (N.D. Cal. Mar. 31, 2016) (*citing Hunter*, 582 F.3d at 1043). Clearview's argument to the contrary goes against the weight of authority in this district. *See J.T. Assocs., LLC*, 2016 WL 1252612 *3 (N.D. Cal. Mar. 31, 2016); *Jurin v. Transamerica Life Ins. Co.*, No. C 14-02882 LB, 2014 WL 4364901, *3 (N.D. Cal. Sept. 3,

2014) ("The Ninth Circuit 'has not adopted, approved, nor applied,' the theory of fraudulent misjoinder upon which Transamerica relies."); *Lopez v. Pfeffer*, No. 13-CV-03341 NC, 2013 WL 5367723, at *2 (N.D. Cal. Sept. 25, 2013) ("The Ninth Circuit has not adopted the *Tapscott* rationale, nor has any other court in our district adopted the fraudulent misjoinder theory."); *Caouette v. Bristol-Myers Squibb Co.*, No. C-12-1814 EMC, 2012 WL 3283858, at *6 (N.D. Cal. Aug. 10, 2012) ("other than the Eleventh and Fifth Circuits, no other circuit court has adopted the fraudulent misjoinder doctrine"); *Brazina v. Paul Revere Life Ins. Co.*, 271 F. Supp. 2d 1163, 1172 (N.D. Cal. 2003) (rejecting the fraudulent misjoinder theory, and noting that "The Ninth Circuit has not found occasion to address *Tapscott*"). This Court should likewise reject this fringe theory.

*Sutton v. Davol, Inc.*, 251 F.R.D. 500 (E.D. Cal. 2008), the sole case that Clearview cites, is inapposite. In *Sutton*, the plaintiffs' claims involved 1) strict products liability claims against the manufacturers of a medical device and 2) medical malpractice claims against the healthcare providers for implanting a previously recalled medical device. The court found that there was no overlap between the two sets of claims because the malpractice claims are not (and could not be) based on the "allegedly negligent testing and manufacture" of the device and instead involved unique factual and legal issues. *Sutton*, 251 F.R.D. at 505. Here, in contrast, Plaintiffs' claims against California Defendants are inextricably linked with Plaintiffs' claims against Clearview and are thus properly joined under Rule 20. Indeed, Clearview dedicates over four pages of its Notice to arguing that Plaintiff's aiding and abetting claims against Municipal Defendant must be premised on underlying claims against Clearview, thereby acknowledging that the claims against Municipal Defendant cannot be decided without deciding the Clearview claims. Thus, even if the Court were to consider Clearview's misjoinder theory, it would plainly fail.

Because Clearview has failed to establish that removal was proper under any theory, this case should be remanded.

### III.    DEFENDANTS SHOULD BE REQUIRED TO PAY PLAINTIFFS' ATTORNEY'S FEES AND COSTS

"An order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "The purpose

of such an award is not to punish Defendants, but rather to reimburse Plaintiffs for unnecessary litigation costs." *Kanter v. Warner-Lambert Co.*, 52 F. Supp. 2d 1126, 1132 (N.D. Cal. 1999) (citing *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 447 (9th Cir. 1992)). A Court may award attorney's fees even in the absence of bad faith by the removing party. *Id.* at 1132. The legal standard for determining whether to award attorney's fees pursuant to section 1447(c) turns on the "reasonableness of the attempted removal." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008) (citation omitted). "[T]he objective reasonableness of a removal depends on the clarity of the applicable law and whether such law 'clearly foreclosed' the arguments in support of removal." *Riverwalk Holdings, LED v. Guancione*, No. 12-cv-05748 EJD, 2013 WL 71769, *3 (N.D. Cal. Jan. 4, 2013) (Davila, J.) (awarding attorney's fees because "[i]t [was] without doubt that Defendant lacked an objectively reasonable basis to remove this action" in part because removing party "failed to present a valid jurisdictional basis in the Notice of Removal.").

Defendant's Notice of Removal is defective on its face. There was not complete diversity. It did not get permission from the other Defendants. And its legal theories are specious. Given the high standard for removal, and even higher standard for fraudulent joinder, it was not objectively reasonable to remove this case. Rather, it appears that Clearview removed the case to create unnecessary burden, expense and delay. Thus, awarding fees would achieve the precise objective of the statute. To date, those fees amount to $31,323.50. (Leonida Decl. ¶ 13.)

Dated: June 24, 2021

Respectfully submitted,

BRAUNHAGEY & BORDEN LLP

Ellen V. Leonida

*Attorneys for Plaintiffs Steven Renderos, Valeria Thais Suárez Rojas, Reyna Maldonado, Lisa Knox, Mijente Support Committee, and Norcal Resist Fund*