Presiding: Judge Sharon Johnson Coleman
Magistrate Judge: Maria Valdez
Filed Date: 10/5/2021
Case No: 1:21-cv-5286
ph

A TRUE COPY-ATTEST
THOMAS G. BRUTON, CLERK
By: s/ PAULA HARRISON
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS
October 5, 2021

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

IN RE: CLEARVIEW AI, INC.,
CONSUMER PRIVACY LITIGATION                              MDL No. 2967

**TRANSFER ORDER**

**Before the Panel:** Plaintiffs in the action listed on Schedule A move under Panel Rule 7.1 to vacate our order that conditionally transferred their action (*Renderos*) to the Northern District of Illinois for inclusion in MDL No. 2967. Defendant Clearview AI, Inc. (Clearview) and interim class counsel in MDL No. 2967 oppose the motion to vacate. Defendants Alameda County District Attorney, Alameda Police Department, El Segundo Police Department, and Antioch Police Department (the municipal defendants) did not respond to the motion to vacate.[1]

After considering the argument of counsel, we find that this action involves common questions of fact with the actions transferred to MDL No. 2967, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions in MDL No. 2967 involve common factual questions arising from allegations that the Clearview defendants improperly collected, captured, obtained, distributed, and profited off of citizens' biometric data. *See In re Clearview AI, Inc.*, 509 F. Supp. 3d 1368 (J.P.M.L. 2020).

In opposing transfer, plaintiffs argue *Renderos* is outside the MDL's scope because it includes individual claims against four municipal defendants, is focused on fear of police action chilling protected speech activities, does not seek class certification, and seeks injunctive relief. They also argue federal jurisdiction is lacking and transfer would cause plaintiffs inconvenience and prejudice. We do not find these arguments persuasive.

While the *Renderos* complaint has an emphasis on law enforcement agencies and the chilling of plaintiffs' constitutionally protected speech and protest activities, and it names as defendants municipal entities not currently included in the MDL, the Panel has held that "transfer does not require a complete identity of parties or factual issues when, as here, the actions arise from a common factual core." *In re Eliquis (Apixaban) Prods. Liab. Litig.*, MDL No. 2754, 2017 WL 6569794, at *2 (J.P.M.L. May 30, 2017). Like the MDL No. 2967 plaintiffs, the *Renderos* plaintiffs allege that Clearview (1) "scrapes" individuals' images from the internet, (2) uses

---

[1] *See* Panel Rule 7.1(d) ("Failure to respond to a CTO shall be treated as that party's acquiescence to it."). The Alameda County District Attorney and Antioch Police Department initially opposed transfer but later withdrew their opposition.

artificial intelligence software to analyze the images and create faceprints, (3) created a searchable database allowing users to identify individuals by uploading a photograph, and (4) failed to obtain individuals' consent to use their images. These common factual issues and the attendant overlapping discovery are likely to be complex, and coordination of this common discovery will provide efficiencies for the parties and the courts. Additionally, *Renderos* shares legal questions with the MDL No. 2967 actions. The MDL No. 2967 consolidated complaint includes a California subclass and, like in *Renderos*, a claim under California's Unfair Competition Law and other California law claims. The MDL No. 2967 plaintiffs seek damages, but they also, like the *Renderos* plaintiffs, seek injunctive relief.

Plaintiffs incorrectly argue that Clearview is the only defendant in MDL No. 2967. In fact, the MDL No. 2967 amended consolidated class action complaint names as a defendant Macy's, Inc., as well as a defendant class comprised of similar private entities who obtained access to and used the Clearview database. This class by definition does not include the municipal defendants named in *Renderos*, but the question of Clearview database users' liability already is at issue in the MDL No. 2967 actions. Plaintiffs argue that their action is unique because it is not a class action, but "[i]t is not unusual for individual claims to proceed in an MDL with class claims, as all parties can benefit from discovery regarding a common factual core." *In re Portfolio Recovery Assocs., LLC, Tel. Consumer Protection Act Litig.*, MDL No. 2295, ECF No. 55, at 1 (J.P.M.L. June 8, 2012).

The Panel long has held that jurisdictional objections do not present an impediment to transfer, as plaintiffs can present pending remand motions to the transferee judge.[2] *See, e.g., In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001). This is so "even where, as here, plaintiffs assert that the removals were patently improper. 'Section 1407 does not empower the MDL Panel to decide questions going to the jurisdiction or the merits of a case, including issues relating to a motion to remand.'" *In re Ford Motor Co. DPS6 PowerShift Transmission Prods. Liab. Litig.*, 289 F. Supp. 3d 1350, 1352 (J.P.M.L. 2018) (quoting *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990)).

Plaintiffs also argue that transfer will be inconvenient and impose an undue hardship on them and the California based municipal defendants. In deciding transfer, the Panel "look[s] to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation." *See In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351-52 (J.P.M.L. 2012). Here, the overall interests of convenience and efficiency will be served by transferring *Renderos*, as the action shares significant factual questions with the actions in the MDL, and likely will benefit from the common discovery and the transferee judge's expertise on the issues. Furthermore, none of the municipal defendants now object to transfer.

---

[2]   Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

- 3 -

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Sharon Johnson Coleman for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Catherine D. Perry | Nathaniel M. Gorton |
| Matthew F. Kennelly | David C. Norton |
| Roger T. Benitez | Dale A. Kimball |

**IN RE: CLEARVIEW AI, INC.,
CONSUMER PRIVACY LITIGATION**  MDL No. 2967

## SCHEDULE A

<u>Northern District of California</u>

21-cv-5286    RENDEROS, ET AL. v. CLEARVIEW AI, INC., ET AL., C.A. No. 3:21-04572